# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00012-CR

**Breeon Leon Price, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT**
**NO. 56538, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Breeon Leon Price guilty of aggravated robbery and assessed punishment at ten years' imprisonment. *See* Tex. Pen. Code Ann. § 29.03 (West 2003). Appellant's only contention on appeal is that he did not receive effective assistance of counsel. Finding no merit to this contention, we affirm the judgment of conviction.

On the morning of May 12, 2004, two men forced their way into the home of Brent and Shirley Aalsma in Salado. One of the men pointed a pistol at Brent Aalsma and repeatedly demanded, "Where's the dope? Where's the money?" Aalsma pleaded with the man that he did not have any drugs, and that all of his money was in his wallet. The second man, who was not armed, was with Shirley Aalsma and her two young children. He, too, demanded to know the location of the drugs and money. Eventually, the men realized that they were in the wrong house. They ordered

the Aalsmas into a closet and left after taking two $100 bills and a few $1 bills from Brent Aalsma's wallet, and two cell phones. After the men left the house, Brent Aalsma went to a window and saw them driving away in a gold four-door car. He was able to get the first four digits of the license plate: G35Z.

Brent Aalsma described the suspect car to the officer who responded to their call, adding that he thought the car was a Pontiac Sunfire. The Aalsmas described the armed intruder as black, about 5 feet, 8 inches tall, wearing a blue baseball cap and a dark long-sleeved crew neck shirt with the words "Old Navy" and the number "94." The second man was also black, about 6 feet tall, and wore a red baseball cap and a basketball jersey with the word "Indiana" and the number "30" or "34."

About thirty minutes after the robbery, Deputy Jose Navarro, Jr., who was patrolling in Killeen, spotted a car matching the radioed description of the suspect vehicle (except that it turned out to be a Mitsubishi Mirage). Before he could stop the car, it pulled into the driveway of a four-plex and the driver, who was appellant, got out. Navarro detained appellant, frisked him, and handcuffed him. A second deputy arrived and appellant was told to sit in his patrol car. Appellant was not dressed as either intruder had been described, but looking into appellant's car, the officers saw a cell phone, a blue baseball cap, and a dark shirt.

Ten minutes after appellant was detained, Brent Aalsma was brought to the scene. Appellant was taken from the patrol car and walked, in handcuffs, in front of the car in which Aalsma was sitting. Aalsma told Deputy Aaron Ingram that he was 90 percent sure that appellant

2

was one of the intruders. After a deputy put the blue baseball cap found in appellant's car on appellant's head, Aalsma said that he was 100 percent certain of his identification.

During the detention, the officers learned that there were outstanding warrants for appellant's arrest. During a search of appellant's car, the officers discovered that the dark shirt they had seen earlier had the words "Old Navy" and the number "94." Appellant had a second cell phone and two $100 bills in his pockets. No weapon was found in the car or on appellant's person.

Appellant contends that his trial counsel was ineffective in two respects: by failing to object to the one-on-one identification at the scene of the detention and by failing to object to the search of his car. Appellant must show that by failing to make these objections, his attorney was not functioning effectively as counsel and prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). In most cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Id*.

Assuming without deciding that the one-on-one identification procedure in this case was impermissibly suggestive, we are satisfied that the procedure did not give rise to a substantial likelihood of irreparable misidentification under the circumstances shown here. *See Brown v. State*, 64 S.W.3d 94, 99 (Tex. App.—Austin 2001, no pet.). Reliability is the linchpin in determining the

3

admissibility of identification testimony. *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977); *Moore v. State*, 140 S.W.3d 720, 731 (Tex. App.—Austin 2004, pet. ref'd). To assess the reliability of an identification in light of a suggestive identification procedure, we consider (1) the witness's opportunity to view the criminal at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the time between the crime and the confrontation. *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972); *Moore*, 140 S.W.3d at 731. All of these factors weigh in favor of a finding that Brent Aalsma's in-court identification of appellant was reliable despite any suggestiveness in the earlier identification. The record shows that Aalsma was within an arm's length of the armed intruder for several minutes during the home invasion and there is no evidence that the intruder was attempting to hide his face. Clearly, Aalsma had an ample opportunity to view the criminal with a high degree of attention. Aalsma's description of the intruder was general, but there is no evidence that it was inaccurate in any significant way. The questionable one-on-one identification procedure took place within a half-hour of the crime, and Aalsma demonstrated a high degree of confidence—90 to 100 percent—at that time. Under these circumstances, appellant's trial counsel cannot be faulted for having failed to object to the identification testimony.

Appellant also complains of his attorney's failure to object to the searches of his car that led to the seizure of the blue baseball cap and, later, the Old Navy shirt. But appellant states in his brief, and we will accept it as true for the purpose of this opinion, that he had been arrested before these searches took place, and he does not contend that the arrest was unlawful. As an incident of the arrest, the police were authorized to search the interior of the car appellant had just been driving.

4

*New York v. Belton*, 453 U.S. 454, 460 (1981). Once again, appellant's counsel cannot be faulted

for having failed to make a baseless objection.

        The points of error are overruled and the judgment of conviction is affirmed.


_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: May 19, 2006

Do Not Publish